8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Allen SMALLS, Defendant-Appellant.
 No. 92-5867.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 6, 1993.
Decided: October 20, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston.
 Fred Henderson Moore, for Appellant.
 J. Preston Strom, Jr., United States Attorney, A. Peter Shahid, Jr., Assistant United States Attorney, Joseph P. Griffith, Jr., Assistant United States Attorney, for Appellee.
 D.S.C.
 AFFIRMED
 Before MURNAGHAN, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Richard Allen Smalls appeals from his conviction for conspiracy to buy, sell, exchange, transfer, receive, and deliver counterfeit obligations of the United States, in violation of 18 U.S.C. § 371 (1988), and possession of such counterfeit obligations, in violation of 18 U.S.C. § 472 (1988). Finding no error, we affirm.
 
 I.
 
 2
 On October 22, 1990, an individual attempted to pass a counterfeit fifty dollar bill at a Kentucky Fried Chicken restaurant in Whiteville, North Carolina. After viewing a number of suspect pictures contained within three photographic displays, four witnesses subsequently identified Smalls as that individual. Before returning the bill to Smalls, the restaurant manager wrote down the serial number of the counterfeit bill and the South Carolina license tag number of the 1979 black Fiat driven by Smalls. Between October 22 and 23, six other counterfeit fifty dollar bills surfaced in or near Whiteville. Several more such bills were passed in Manning, Hemingway, and Georgetown, South Carolina, between October 4 and 18.
 
 
 3
 On October 23, United States Secret Service agents arrived at Smalls' residence to search the black Fiat, pursuant to the consent previously obtained for the car's registered owner.[1] Smalls was not a suspect at that time. When approached, Smalls voluntarily stated that he knew the agents were there because of the money. After indicating his willingness to speak and desire to cooperate and receiving a Miranda[2] warning, Smalls made an oral statement, subsequently reduced to writing, confessing that he had stolen approximately $1500 in fifty dollar bills from the New York apartment of his wife's cousin and brought the money back to South Carolina. Smalls further stated that he had spent some of the money in Hemingway, Lake City, and Andrews, South Carolina, and had given some of the money to two other persons for use in Whiteville.
 
 
 4
 On October 24 and 25, Smalls voluntarily appeared at the Charleston, South Carolina, Secret Service Office to provide two more written statements. In his third statement, Smalls contradicted his two previous written accounts as to his acquisition of the $1500, stating instead that he had unearthed the money while digging for fishing worms in his backyard.
 
 II.
 
 5
 Smalls first objects to the jurisdiction and venue of the United States District Court for the District of South Carolina, where his offenses were prosecuted. Because the charged offenses constituted violations of the United States Code, the South Carolina district court had original jurisdiction in this case. 18 U.S.C.s 3231 (1988). Venue was also appropriate in that court because, although some of the alleged criminal conduct occurred in North Carolina, the charged offenses both began and were continued in South Carolina. 18 U.S.C. § 3237(a) (1988); see United States v. Levy Auto Parts, 787 F.2d 946, 952 (4th Cir.) ("When a conspiracy is formed in one district and overt acts are done in furtherance of it in other districts, however, venue may be laid for the prosecution of all the conspirators in any one of those districts."), cert. denied, 479 U.S. 828 (1986).
 
 
 6
 Smalls then argues that the district court erroneously denied his motion to suppress his statements to Secret Service agents and the four witnesses' out-of-court identifications of Smalls. According to Smalls, his statements were not freely and voluntarily given and the photographic displays used by the investigating officers were unduly suggestive.
 
 
 7
 With regard to his claim of involuntary statements, Smalls failed to allege or demonstrate the requisite coercive police conduct, Colorado v. Connelly, 479 U.S. 157, 163-64 (1986), or overborne will, Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973). Smalls' objection to the photographic display containing his picture,[3] that it portrayed five other black men with differing complexions against different backgrounds, does not render "the photographic identification procedure ... so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). Our review of the transcript of the suppression hearing reveals no clear error in the district court's factual findings underlying the ultimate issues of the voluntariness of the statements and the suggestiveness of the photographic displays. See United States v. Dodier, 630 F.2d 232, 236 (4th Cir. 1980) (standard of review). Denial of the suppression motion was therefore appropriate.
 
 
 8
 Finally, Smalls contends that the district court erroneously imposed the two-level obstruction of justice enhancement, see United States Sentencing Commission, Guidelines Manual,s 3C1.1 (Nov. 1992). According to Smalls, that enhancement permitted an increased sentence based on facts not in evidence and violated his Fifth Amendment right against self-incrimination.
 
 
 9
 Smalls' conflicting statements were admitted into evidence at trial and at his suppression hearing, and thereby became part of the record of this case. Given the sentencing court's broad discretion in considering any type of reliable information, see 18 U.S.C. § 3661 (1988), we find that these statements were properly considered for purposes of sentencing. Moreover, an obstruction of justice enhancement predicated on false statements by a defendant does not constitute an infringement of that defendant's Fifth Amendment rights. See United States v. Dunnigan, 61 U.S.L.W. 4180, 4183-84 (U.S. 1993) (perjured testimony); United States v. Lawrence, 951 F.2d 751, 756-57 (7th Cir. 1991) (three conflicting statements given to police).
 
 III.
 
 10
 For the reasons stated herein, we affirm Smalls' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Once there, the agents discovered that the Fiat had just been painted white
 
 
 [2]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [3]
 We note that Smalls' argument ignores the two other photographic displays also presented to the four witnesses and the instructions given to each witness to ignore the differing backgrounds